# EXHIBIT C

| From: | Daniel Lenhoff |
|---|---|
| To: | Jennifer Solak |
| Cc: | Corey Devine; Michael A. Josephson; Lindsay Itkin |
| Subject: | FW: Wesley v. Concho discovery |
| Date: | Thursday, February 15, 2018 4:09:49 PM |

Jennifer,

My response to your email from yesterday is below in red. Please feel free to contact me with any questions.

Daniel



**Daniel Lenhoff**
Senior Associate
Muskat, Mahony & Devine, LLP
1201 Louisiana Street, Suite 850
Houston, Texas 77002
713.495.2313 (Direct)
832.875.4635 (Cell)
713.987.7854 (Fax)
dlenhoff@m2dlaw.com
www.m2dlaw.com

**My firm name, website, and e-mail address have changed – please update your records.**

The e-mail message and any attachments are confidential and may be protected by the attorney-client or other privileges. The information here is intended only for the designated recipient(s). If you have received this message in error, please notify the sender immediately and delete the message. Unless expressly stated to the contrary, nothing in this message was intended or written to be used, nor may be relied upon or used: (a) to avoid any penalties that could be imposed under the Internal Revenue Code of 1986, as amended, or (b) to recommend or support the promotion or marketing of any federal tax transaction or issue discussed herein.

**From:** Jennifer Solak [mailto:jsolak@mybackwages.com]
**Sent:** Wednesday, February 14, 2018 5:59 PM
**To:** Daniel Lenhoff <DLenhoff@m2dlaw.com>
**Cc:** Michael A. Josephson <mjosephson@mybackwages.com>; Lindsay Itkin <litkin@mybackwages.com>
**Subject:** Wesley v. Concho discovery

Daniel,

Thanks for talking today. As discussed, we understand that information on the individual class members will be produced on a rolling basis. According to the court's February 7, 2018 Order, we are planning to receive initial Class Information from you tomorrow, followed by the balance of the Class Information on April 6, 2018. ECF 31. However, as it relates to Concho directly, we need the following within two weeks:

> As discussed below, COG does not understand why the information here is needed within two weeks, but will make every effort to provide responsive information and documents detailed below as soon as practical. We believe it is feasible to produce certain information by March 1 and additional information by March 15.

1. **We need Concho to provide us with all the documents that are currently within your/its possession.**

   As we discussed on our call yesterday, COG is searching for and will produce documents responsive to Wesley's discovery requests, subject to the objections stated in the responses. If there is a responsive document not being withheld based on an objection, we will produce it. As I explained, discovery is ongoing, and it would be unduly burdensome for COG to search for and gather documents that may be within COG's possession related to individuals who may not even be class members (because at this point it is unclear whether they will consent to join this case, or if the vendors that they worked for paid them a day rate, and being paid a day rate is a condition for membership in the class). As you and Lindsay indicated on the phone, the parties are agreed that workers not paid a day rate are not even potential class members, and both sides need more information to determine whether the workers provided by vendors were paid a day rate or not. On our call, you asked for general documents related to policies, procedures, and similar aspects of work performed by Drilling Consultants and Completions Consultants. As I explained, COG can search for and gather documents related generally to individuals that Wesley has grouped as "Drilling Consultants" and "Completions Consultants," but a reasonable time to do this (along with the other demands in your call and this email, and the substantial efforts COG is currently undertaking to obtain much of the information you request through subpoenas to vendors) requires more than two weeks.

   We suggested thirty days, but both you and Lindsay Itkin stated on the call that because COG is not willing to settle the case at what COG views as too early of a stage (before the class list has even been determined, before notice has been sent out, and before the opt-in period has closed), you were seeking discovery and giving COG only two weeks. While COG has been unable to understand from your communications why Wesley and Sellers have a need for the requested information and documents in two weeks, in the interest of narrowing the disputed issues, COG will produce documents and provide information that it can reasonably gather on a rolling basis, and intends to make every reasonable effort to produce and provide what it can in two weeks, on March 1, 2018. COG's position is that its efforts to gather, produce, and provide information may still be ongoing at that point. The complications in gathering the information that I described to you on the call substantially justify a longer timeline, and any motion to compel filed based on a perceived or actual failure to provide all responsive information and documents by March 1, 2018 would be unnecessary, particularly given the stage of this case and its scheduling deadlines.

2. **We need you to remove all the global objections and state with specificity your objections to the individual interrogatories and requests.**

   I should start by stating that we are not withholding documents or information based on our general objections. Because on our call you narrowed the issues to "what we are really looking for," we were not able to confer fully on the issue of general objections. However, as I did point out on our call, your letter is difficult to understand, as it refers to "Global Objections 1-15 and 18-19," but COG asserted general objections that are not numbered in that way. As we

understand it, your position is that our global objections are inappropriate based on a lack of specificity. I am willing to confer further on this, and believe doing so is necessary before any dispute over the objections would be appropriate for Court involvement.

But at this point I would like to point out several examples to explain that your request to remove COG's general objections is inappropriate. First, if you look at General Objections 1 and 2 to Wesley's request for admissions, those general objections are directed to general, introductory statements in your requests (instructions and definitions). We believe objections to general features of discovery requests like these should be stated through general objections. Second, if you look at General Objections 3 and 4 to Wesley's request for admissions, those are standard objections based on privilege (3) and that incorporating a general objection in a specific objection does not somehow waive the other general objections with respect to that request or others (4). The out-of-circuit authority you provide fails to justify a finding that any of these example General Objections are inappropriate, and your letter fails to explain why they would be inappropriate. Without further conference on this portion of your letter, COG cannot further respond but is willing to do so if you can clarify why you believe the objections must be removed.

3. **We need you to provide a privilege log.**

   As I explained on our call yesterday, COG can provide a privilege log and expects that 30 days (by March 15, 2018) would be a reasonable period to prepare it. Wesley's and Sellers' unilateral deadline of two weeks (March 1, 2018) is not reasonable. That being said, COG may be able to prepare a privilege log before March 15, 2018, and will make every reasonable effort to do so. If the log is ready before March 15, COG will provide it.

4. **We need you to insert withholding statements.**

   As I stated on our call yesterday, COG will provide withholding statements consistent with the Rules within 30 days (or earlier if practical).

5. **We need the MSAs for the individual opt-in plaintiffs (whether the agreement is with a person individually or with a company they own).**

   We believe COG has provided the MSA for Wesley, and that the MSA relevant to Sellers is attached as Exhibit C to COG's response to Wesley's and Sellers' motion for conditional certification, but I will confirm and produce if needed.

6. **We need all MSAs with staffing companies that provided more than one worker to Concho and that paid a day rate for the positions that have been certified.**
   I understand that you claim Concho only paid a lump sum to these companies so that it is unclear who was paid a day rate and who was paid hourly. However, as you can see from Wesley's attached invoice, he invoiced Concho a lump sum which is noted at the bottom, but this lump sum is broken down in the invoice by the number of days and the rate for which he was paid each day. This is provided as an example of the type of information that may be useful in determining which MSAs are responsive to this request.

Alternately, please find out from the third parties which MSAs are responsive to this request. Reaching out to a third-party with which a defendant has a relationship has been deemed "precisely the 'call of duty' imposed by Rule 34." *Parrish v. Premier Directional Drilling*, Case 5:16-cv-00417-DAE, Document 80, at 12 (W.D. Tex. 2017), attached here; *see also Williford v. Rice*, No. 2:17-cv-00945, Document 71, at 3-4 (W.D.Pa. Feb. 9, 2018), also attached here.

<span style="color:red">As I explained on our call yesterday, and as you acknowledge here, at this point the parties lack knowledge of whether each particular vendor paid its workers a day rate. COG paid B. Wesley Oilfield Consulting, Inc. a flat daily sum for each worker provided, but the invoice you attach fails to communicate how that vendor paid Barron Wesley. Your statement above that "this lump sum is broken down in the invoice by the number of days and the rate *for which he was paid each day*" is therefore inaccurate without additional information: how B. Wesley Oilfield Consulting, Inc. paid Wesley or any other workers with the funds COG sent it.</span>

<span style="color:red">Information (as opposed to documents) falls under Rule 33, as I explained on the call. Rule 33 lacks the "possession, custody, or control" language from Rule 34 on which this issue has been analyzed. It is still unclear to me—as I expressed on our call—how Rule 33 (or any case law interpreting it) can be interpreted to require a responding party to obtain the knowledge of a nonparty, and how logistically that second-hand knowledge could be reduced to a proper interrogatory answer. COG lacks knowledge of whether each of these potential class members were paid a day rate by their vendors, and that knowledge lies with the vendors. As I mentioned on our call, if you have any authority that Rule 33 imputes knowledge of a nonparty to a party (or places a discovery obligation on a party to gather that knowledge), please send it to me, but COG's position is that it is an undue burden to require it to seek out this information above and beyond its efforts to gather documented proof of the pay practices through the ongoing subpoena process.</span>

Finally, if it's easier, please produce all MSAs pursuant to the attached, proposed protective order and once any of the documents are deemed irrelevant, we will agree not to use them in the case. If you agree to the attached protective order, we will file it this week.

<span style="color:red">As I explained on our call yesterday, there is no need for COG to go through the effort and attorney's fees to gather documents that may end up failing to support a claim or defense in the action. Your requests on this point fail to explain what need Wesley and Sellers have for these documents at this point, and so conflict with Rule 1's command that discovery be proportional to the needs of the case, especially given that the ongoing, agreed subpoena process will gather the same information.</span>

7. **We need all documents Concho has in its possession that relate to and/or which governed the work performed by people in the relevant positions when working for Concho at a wellsite.**

   <span style="color:red">As I explained on the call and above, COG will gather and produce documents responsive to discovery requests such as policies and procedures that concern Drilling Consultants and Completions Consultants generally. If you seek</span>

information or documents not governed by your requests, please make those requests and COG will object/respond as appropriate.

8. **We need all relevant Concho job postings, RFPs, etc. regarding the positions at issue.**

    Please see my response to 7, above.

9. **We need Concho's organizational chart.**

    As I explained on our call, COG will gather a relevant organizational chart and provide it as soon as practical.

10. **We need emails and/or other documents that support your defense that Concho acted in good faith and without willfulness.**

    As we discussed, this request pertains to documents that demonstrate Concho acted in good faith in its determination to classify the relevant positions as independent contractors. It does not pertain to any contractor specifically. On this note, I would also like to confirm that Concho does not intend to claim that it relied on the advice of counsel as part of its good faith and willfulness defenses.

    As I explained on our call yesterday, COG has not yet determined documents that could be responsive to your Request for Production 76, which asks for "DOCUMENTS that YOU will rely on to prove that YOU acted in good faith." COG does not know who the proper class list members are yet, much less who has opted into the case. These developments may affect what documents COG may use to prove that it acted in good faith. That is why COG objected that this request is "premature" and requires COG to "marshal its evidence." As COG determines what documents it will rely on to prove that it acted in good faith, it will supplement its response to this Request. As I explained on our call, if you would like to serve a different request that seeks particular documents related to this defense (or any other claims or defenses disputed in this action), please do so and we can object/respond. But as for this Request, we believe our objections and the early state of the action makes it clear that there are no such documents to produce at this time, other than documents being produced in response to other requests. If that changes, COG will supplement.

    As COG's responses to Wesley's Requests for Production 36, 37, and 38 state, COG does not claim reliance on the advice of legal counsel as a basis for any good faith defense. I can confirm that this is still COG's response to those Requests.

Please let me know by close of business tomorrow, February 15, 2018, whether you agree to provide the above information by Thursday, March 1, 2018. If you do not agree, we will file a motion to compel with the court next week.

You stated on the call that we would be given until Thursday, March 1, 2018 to provide the request documents, and that if we did not do so, you would then "in March" file a motion to compel. The time COG requires to resolve the

issues in your letter is a substantial justification that makes the filing of a motion to compel unnecessary and a poor use of the Court's (and the parties') time, even if filed in March, much less filed next week. On our call yesterday, I experienced a lack of clarity on what Wesley's and Seller's issues with COG's discovery responses are. As you know, we had two calls with multiple lawyers for Wesley and Sellers providing sometimes conflicting explanations of the discovery dispute. I appreciate you reducing the dispute to this email, and COG assumes that this email is an attempt by Wesley and Sellers to clarify the issues that they would include in any motion to compel, and that any other issues raised on the call or in your prior letter would not be included.

I hope that in this response COG has explained its position, the reasonable time for supplementing discovery, and that filing a motion to compel would be unnecessary here. COG takes the position (as courts have in some of their local rules) that overbroad discovery creates large economic burdens on parties that can delay the resolution of disputes for considerable periods rather than clarifying issues and leading to dispute resolution. COG is confident that the Court will not find that an appropriate basis to compel discovery exists here. Regardless of the parties' differences, COG will respond reasonably to the deficiencies alleged in this email and make every effort to cooperate in discovery under the Rules, the Court's orders and policies, and common sense.

Thanks again for your continued work to resolve these issues.

Jennifer

**JENNIFER SOLAK // JOSEPHSON DUNLAP**

| | |
|---|---|
| PHONE # | 713-352-1100    FAX # 713-352-3300 |
| ADDRESS | 11 GREENWAY PLAZA, SUITE 3050, HOUSTON, TX 77046 |
| WEBSITE | WWW.MYBACKWAGES.COM |

056212

# B Wesley Oilfield Consulting Inc.       INVOICE



BILL TO:
Concho Resources
550 W Texas Ave Suite #100
Midland TX, 79701

Invoice #: 2014-01
Invoice Date: 09/15/2014

ATTN: Lee Martin

| Description | Qty. | Rate | Amount |
|---|---|---|---|
| Wellsite Supervision 12hr Day Rate: | | | |
| Well Site: Corazon State Unit #511, Eddy County NM. | | | |
| 9/2 2014, 9/3, 9/4, 9/5, 9/6, 9/7, 9/8 2014 | 7 | 1400.00 | $ 9800.00 |
| Mileage | 1320 | 1.25 | $ 1650.00 |
| Per Diem/Day | 7 | 30.00 | $ 210.00 |
| Phone Charges/Day | 7 | 30.00 | $ 210.00 |
| New Mexico Tax | | | $ 608.34 |
| Total | | | $ 12478.34 |
| Well Site: Corazon State Unit #1111, Eddy County NM. | | | |
| 9/9 2014, 9/10, 9/11, 9/12, 9/13, 9/14, 9/15 2014 | 7 | 1400.00 | $ 9800.00 |
| Mileage | 1100 | 1.25 | $ 1375.00 |
| Per Diem/Day | 6 | 30.00 | $ 180.00 |
| Phone Charges/Day | 7 | 30.00 | $ 210.00 |
| New Mexico Tax | | | $ 592.71 |
| Total | | | $ 12157.71 |
| Well Site: | | 1400.00 | $ 0.00 |
| Mileage | | 1.25 | $ 0.00 |
| Per Diem/Day | | 30.00 | $ 0.00 |
| Phone Charges/Day | | 30.00 | $ 0.00 |
| New Mexico Tax | | | $ 0.00 |
| Total | | | $ 0.00 |
| Well Site: | | 1400.00 | $ 0.00 |
| Mileage | | 1.25 | $ 0.00 |
| Per Diem/Day | | 30.00 | $ 0.00 |
| Phone Charges/Day | | 30.00 | $ 0.00 |
| New Mexico Tax | | | $ 0.00 |
| Total | | | $ 0.00 |
| | | SUBTOTAL | $ 23,435.00 |
| | | TAX RATE | 5.125% |
| | | NM Tax | $ 1,201.04 |
| | | OTHER | $ 0.00 |
| | | TOTAL | $ 24,636.04 |

*Make all checks payable to B Wesley Oilfield Consulting, Inc.

| VENDOR # | | | | |
|---|---|---|---|---|
| INVOICE # | | | | |
| G/L ACCT | CST CTR/ JIB CAT | LS/WELL ALLCTN | AFE | AMOUNT |
| | 327 | | | |
| | | | | |
| | | APPROVAL | | |

9/15/14

General Page 2